UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:03-cr-0127-01-SEB-KPF |
| ) | |
| ANDREW J. COOPER, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before U. S. Magistrate Judge Debra McVicker Lynch, pursuant to the Order entered by the Honorable Sarah Evans Barker, District Judge, on January 3, 2012, designating a Magistrate Judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed with the Court on December 27, 2011, and to submit to Judge Barker proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 2, 2012, before Magistrate Judge Debra McVicker Lynch, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

The hearing was held on March 2, 2012. On that date, Mr. Cooper appeared in person and with his appointed counsel, Bill Dazey, Office of the Indiana Federal Community Defender. The United States appeared by Zach Myers, Assistant United States Attorney. U.S. Parole and Probation appeared by Chris Dougherty, U.S. Parole and Probation Officer.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and 18 U.S.C. § 3583:

1. Bill Dazey, Office of the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Cooper in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Cooper and his counsel who informed the Court they had read and understood the specifications of violations charged herein and waived further reading thereof.

3. Mr. Cooper was advised of the following:

    (a) his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition;

    (b) his right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses;

    (c) his right to appear at the preliminary hearing and present evidence on his own behalf; and

    (d) that if the preliminary hearing resulted in a finding of probable cause that Mr. Cooper had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation entered on January 3, 2012.

4. Mr. Cooper executed a written waiver of the preliminary examination, which was accepted by the Court.

5. Mr. Dazey stated that Mr. Cooper would stipulate that there was a basis in fact to hold him on the specification of violation of supervised release set forth in the Petition.

6. Mr. Cooper, by counsel, stipulated that he committed the specified violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| **1** | **"The defendant shall not commit another federal, state, or local crime."** |
| | On December 3, 2011, Andrew Cooper was arrested by officers of the Indianapolis Metropolitan Police Department and charged with Burglary, C-felony, and Theft D-felony. Officers responded to an alarm call at IFCO, a business located at 606 West Troy Avenue, at 4:07 a.m. They found a door with a lock broken off and forced entry. Numerous officers and a K-9 were called to the scene to search the large warehouse and surrounding grounds. Officers located the offender hiding behind some pallets next to a fence on the west side of the business. The offender had a bag of tools in his possession. The offender admitted to officers that he went into the building and took the tools to "make some quick cash." The offender was previously employed with IFCO. |
| | This case is pending in Marion County Superior Court under case number 11-085122. The offender had an initial hearing on December 7, 2011, and a $7,000 bond was ordered. The case is scheduled for a pretrial conference on January 10, 2012, and trial on February 9, 2012. |

The Court placed Mr. Cooper under oath and directly inquired of him whether he admitted violation of the specification of his supervised release set forth above. Mr. Cooper stated that he

admitted to violation 1 of his supervised release as set forth above. The Court now finds there is a basis in fact for his admission and accepts same.

Counsel for the parties also stipulated the following:

1) Mr. Cooper has a relevant criminal history category of VI. *See* U.S.S.G. § 7B1.4(a).

2) The most serious grade of violation committed by Mr. Cooper constitutes a Grade B violation, pursuant to U.S.S.G. § 7B1.1(b).

3) Pursuant to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Cooper is 21 to 24 months.

4) The parties agreed on the appropriate disposition of the case as follows:

The defendant be sentenced to a period of confinement of 21 months at the Bureau of Prisons, with no supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations, and evidence submitted by the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant violated his supervised release conditions stated in paragraph 1 above. The defendant's supervised release is therefore **REVOKED** and Andrew J. Cooper is sentenced to the Bureau of Prisons for a period of 21 months. The Court further recommends that the defendant serve that sentence at USP Big Sandy, Kentucky. Upon service of his sentence, the defendant will not be subject to supervised release.

The Magistrate Judge requests that Chris Dougherty, U.S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Cooper stipulated in open Court waiver of the following:

1) Notice of the filing of the Magistrate Judge's Report and Recommendation;

2) Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72-1(d)(2), *Local Rules of the U. S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Cooper entered into the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

**WHEREFORE,** the U.S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. Cooper's supervised release and the sentence imposed of imprisonment of 21 months at the Bureau of Prisons. Upon release from incarceration, the defendant will not be subject to supervised release.

**IT IS SO RECOMMENDED**.

Date: 03/12/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Donna R. Eide
Zach Myers
Assistant United States Attorney
10 West Market Street, #2100
Indianapolis, IN 46204

Bill Dazey
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal Service